IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEALIX INFUSION THERAPY, INC. AND HEALIX, INC., *Plaintiffs*, | § § § § § § § § § § | |
| v. | | CIVIL ACTION NO. _____ |
| TRIHEALIX, INC., *Defendant*. | | |

## ORIGINAL COMPLAINT

Plaintiffs Healix, Inc. and Healix Infusion Therapy, Inc. (collectively "Healix") assert claims against Defendant TriHealix, Inc. ("TriHealix") for trademark infringement under federal and state law, violation of the Texas Anti-Dilution statute, false designation of origin, injury to business reputation and/or trade marks, common law unfair competition, and seek a permanent injunction, damages, and their attorney's fees and costs, and such other relief as the Court deems just and proper.

## PARTIES

1. Plaintiffs Healix, Inc. and Healix Infusion Therapy, Inc. each are corporations organized under the laws of the State of Texas and maintain their principal offices in Sugar Land, Texas.

2. Defendant TriHealix, Inc. is a corporation organized under the laws of the State of Delaware and maintains its principal offices in Norwalk, Connecticut.

## JURISDICTION AND VENUE

3. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. §1125, and 28 U.S.C. §§1331 and 1338. The Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C. § 1367(a)

because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

4.      The Court has personal jurisdiction over TriHealix because, on information and belief, TriHealix has sold or licensed one of its point-of-sale systems to a Dallas, Texas hospital and has installed the system in Dallas, Texas – all in connection with the use of the infringing TriHealix mark that is the subject of this suit.

5.      Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c).  TriHealix is subject to personal jurisdiction in the State of Texas at the time this action commenced.  Its contacts are substantial enough with the State of Texas to subject it to personal jurisdiction. Further, TriHealix committed acts within the district that give rise to this action.

## FACTS COMMON TO ALL CLAIMS

6.      Healix has used the <HEALIX> trademark since 1989 and today uses the <HEALIX> trademark in connection with the sale of drugs, supplies, and durable medical equipment and in connection with practice management services focused on billing and collecting on behalf of providers in the healthcare industry.

7.      Healix Infusion Therapy, Inc. is the lawful owner of the following federal registrations for the <HEALIX> trademark: 2,258,592, 3,098,781, 3,098,782 and 3,101,469. The first federal registration was obtained in 1999. *See* Exhibit A.

8.      For nearly two decades, Healix has developed a number of proprietary products and services and has continuously maintained exclusive rights over the <HEALIX> mark.  Healix currently operates in 20 states, has approximately 80 sites, and continuously carries on a national marketing campaign.

9.     Healix Infusion Therapy, Inc.'s first federal registration for the <HEALIX> mark was in International Class 035 for "Medical management of physician practices, namely, medical cost management of physician practices; business management of physician practices; cost management for the health benefit plans of others in physician practices."

10.     Healix Infusion Therapy, Inc.'s later federal registrations for the <HEALIX> mark describe the services as "Retail pharmacy services, inventory management services in the field of pharmacy, and employment, recruiting, and placement services in the medical profession" as well as "Export of medical goods, including drugs, supplies, and durable medical equipment."

11.     Healix has invested millions of dollars in promoting goods and services associated with the <HEALIX> mark throughout the United States, including expenditures relating to various affiliated "Healix" entities such as: Healix Infusion Therapy, Inc., Healix, Inc., Healix Scientifics, Inc., Healix Specialty Pharmacy, Inc., HLX Pharmaceuticals, LLC, Healix International and Healix Health Services, Inc.

12.     The <HEALIX> mark is highly distinctive.

13.     The <HEALIX> mark and the goodwill associated with it have become valuable assets of the Healix entities.

14.     In addition to trademark registrations, Healix own various domain names which include "healix" such as (but not limited to) www.healix.net and www.healixinfusiontherapy.com.

15.     Upon information and belief, Defendant TriHealix infringes upon the <HEALIX> trademark without express authorization from Healix.  Upon information and belief, TriHealix first began using "TriHealix" as a corporate name on May 3, 2007 when it

-3-

changed its name from Consumer Health Card Services, Inc. Such action by TriHealix was long after Healix began using the <HEALIX> mark. Upon information and belief, TriHealix uses the <TRIHEALIX> mark and the <TRIHEALIX REVENUE MAXIMIZER> mark without authorization from Healix.

16.     Upon information and belief, on about August 5, 2008, Defendant TriHealix filed an application for federal registration of the <TRIHEALIX REVENUE MAXIMIZER> mark. In its application, TriHealix indicated that it uses or intends to use the <TRIHEALIX REVENUE MAXIMIZER> mark in connection with "providing an Internet-based program, platform and tool to help healthcare providers determine patient financial responsibility and eligibility at the point of service; providing electronic payment processing services to healthcare providers; providing a platform and tool to identify individuals eligible for public assistance and charity care; and generating prefilled applications relating to the foregoing."

17.     Upon information and belief, as of the date of the filing of this complaint, TriHealix still maintains that include the word "healix" and still infringes upon the <HEALIX> trademark without express authorization.

18.     On September 22, 2008, Healix sent a letter to Mr. Greg Morris, president of TriHealix, explaining Healix's rights in the <HEALIX> trademark and the likelihood of confusion that would result from TriHealix's continued use of the <TRIHEALIX> trademark and the <trihealix.net> domain name. *See* Exhibit B. Healix further requested that TriHealix cease its infringing activities.

19.     Upon information and belief, TriHealix has attempted to register <TRIHEALIX REVENUE MAXIMIZER> and established www.trihealix.com, and www.trihealix.net to align itself with Healix.

20.     Upon information and belief, TriHealix selected the infringing mark with full knowledge of Healix's adoption, use and registration of its registered trademark.

21.     Upon information and belief, since its name change in 2007, TriHealix has used the <TRIHEALIX> mark in connection with products and services creates a likelihood of confusion. Further, upon information and belief, TriHealix does business within several states where Healix also does business and has offered its services in similar channels of commerce as those in which Healix competes.

22.     Upon information and belief, there is a high likelihood that the continued use and promotion by TriHealix of the <TRIHEALIX> mark and similar domain will cause additional confusion in the marketplace as to the source of the goods and services sold by Healix and TriHealix. Healix and TriHealix offer services in the healthcare industry. While the services have some differences, the overlap in services and customers and the confusingly similar names and marks is likely to cause confusion. Each offers services related to practice management. Each offers advantages of simplicity. Each provides services relating to pharmacy and pharmaceutical matters. Each provides a service relating to financial matters. Each offers services to hospitals and other healthcare providers.

23.     Upon information and belief, there is a high likelihood that the continued use and promotion by TriHealix of the <TRIHEALIX> mark, the <TRIHEALIX REVENUE MAXIMIZER> mark, and use of domain names that include the word "healix" will cause additional confusion in the marketplace.

24.     Upon information and belief, TriHealix has disregarded Healix's written warning and has refused to cease using the <TRIHEALIX> mark, the <TRIHEALIX REVENUE MAXIMIZER> mark, and domain names that include "healix."

<u>CLAIM ONE</u>

INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

25.     Healix incorporates by reference the allegations set forth in the preceding paragraphs.

26.     Healix is the owner of the registered trademark <HEALIX> and owns various domain names, which include, but are not limited to the following: www.healixnet.com, and www.healixinfusiontherapy.com.

27.     Upon information and belief, TriHealix has infringed upon Healix's registered trademark in interstate commerce by various acts, including, without limitation, the adoption, sale and advertisement of services similar to those offered by Healix bearing the infringing mark in conjunction with the filing of the infringing application for registration and in purchasing domain names that include "healix."

28.     TriHealix's adoption and use of the infringing marks is without permission or authority from Healix and has caused and is likely to cause confusion, mistake and/or intended to deceive those in the relevant market.

29.     TriHealix has adopted and used the infringing marks in connection with services similar to those of Healix notwithstanding Healix's well-known and prior established rights in the registered trademark and with both actual and constructive notice of the Healix's registration under 15 U.S.C. §1072.

30.     By engaging in the complained-of conduct, TriHealix used in commerce, without the consent of Healix, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of

the registered trademark to its website and other tangible items intended to be used in commerce or reach consumers in violation 15 U.S.C. §1114.

31.    The conduct of TriHealix, has been and continues to be willful, entitling Healix to damages including statutory and trebled damages.

32.    TriHealix's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM TWO

### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

33.    Healix incorporates by reference the allegations set forth in the preceding paragraphs.

34.    By engaging in the aforementioned conduct, TriHealix has infringed upon Healix's common law rights to its trademark and trade name.

35.    TriHealix's infringement of Healix's common law trademark and trade name has been and continues to be willful, entitling Healix to damages, including statutory damages.

36.    TriHealix's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM THREE

### VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

37.    Healix incorporates by reference the allegations set forth in the preceding paragraphs.

38.     Healix Infusion Therapy, Inc. is the owner of United States Federal Trademark Registration Nos. 2,258,592, 3,098,781, 3,098,782 and 3,101,469.   The <HEALIX> mark is distinctive.

39.     The use and potential registration of the <TRIHEALIX> mark and the <TRIHEALIX REVENUE MAXIMIZER> mark will cause blurring or tarnishing of the <HEALIX> mark.

40.     The conduct of TriHealix, has been and continues to be willful, entitling Healix to damages including statutory and trebled damages.

41.     TriHealix's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM FOUR

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

42.     Healix incorporates by reference the allegations set forth in the preceding paragraphs.

43.     TriHealix's adoption and use of the infringing marks and domain constitute a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Healix or as to the origin, sponsorship or approval of the services of Healix in violation of 15 U.S.C. §1125(a).

44.     The conduct of TriHealix, has been and continues to be willful, entitling Healix to damages including statutory and trebled damages.

45.     TriHealix's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Healix, its business, its reputation and goodwill because Healix has no adequate remedy at law.

## CLAIM FIVE

### INJURY TO BUSINESS REPUTATION AND/OR TRADE MARKS

46.     Healix incorporates by reference the allegations set forth in the preceding paragraphs.

47.     TriHealix has injured the business reputation of Healix and diluted the distinctive quality of Healix's common law trade marks.

48.     The actions of TriHealix constitute an injury to the business reputation of Healix and dilution of Healix's proprietary trade marks in violation of Texas Business and Commerce Code Ann. §16.29.

## CLAIM SIX

### COMMON LAW UNFAIR COMPETITION

49.     Healix incorporates by reference the allegations set forth in the preceding paragraphs.

50.     The above actions of TriHealix are a form of unfair competition that is prohibited under the common law of the State of Texas.  Healix has been damaged by this misconduct in an amount to be determined at trial.

### INJUNCTIVE RELIEF

51.     Healix seeks permanent injunctive relief pursuant to Texas common law, 15 U.S.C. §1116, and Texas Business & Commerce Code §16.29.

52.     Healix has no adequate remedy at law or otherwise for the harm or damage done by TriHealix because Healix's business will be irreparably damaged, and such damage is difficult if not impossible to quantify.  Healix will suffer irreparable harm, damage, and injury unless the acts and conduct of TriHealix complained of above are enjoined because TriHealix's continued conduct is likely to cause confusion among customers and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## PRAYER FOR RELIEF

Healix prays that after due proceedings, the Court:

1.  enter judgment against Defendant TriHealix on all claims;

2.  award damages against TriHealix and in favor of Healix;

3.  enter a permanent injunction restraining TriHealix, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademarks and domain names in connection with its business;

4.  award to Healix its attorney's fees and costs pursuant to 15 U.S.C. § 1117; and

5.  grant to Healix such other relief as the Court deems just and proper.

Respectfully submitted,


By:  /s/ Thomas H. Adolph
      Thomas H. Adolph
      Attorney-in-Charge
      State Bar No. 00928900
      tadolph@jw.com
      (713) 752-4208;
      (713) 308-4194 Facsimile
      JACKSON WALKER L.L.P.
      1401 McKinney, Ste. 1900
      Houston, Texas  77010

      ATTORNEY FOR PLAINTIFF
      HEALIX, INC. AND HEALIX
      INFUSION THERAPY, INC.


**OF COUNSEL:**

Michael G. Locklar
State Bar No. 24010194
mlocklar@jw.com
(713) 752-4329
(713) 308-4137 Facsimile
JACKSON WALKER L.L.P.
1401 McKinney, Ste. 1900
Houston, Texas 77010

Scott Weiss
Federal ID 38224
sweiss@healix.net
281-295-4122
832-201-0687 Facsimile
HEALIX, INC.
14140 Southwest Freeway, Ste. 400
Sugar Land, Texas  77478

Christopher J. Rourk
State Bar No. 00795626
crourk@jw.com
(214) 953-5990
(214) 661-6604 Facsimile
JACKSON WALKER L.L.P.
901 Main Street, Ste. 6000
Dallas, Texas  75202

5318771v.2